UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| TONDALAYO COLLINS O/B/O RICHARD COLLINS (DECEASED) ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, Commissioner ) <br> Social Security Administration, ) <br> ) <br> Defendant. ) | ED CV 08-00167-SH <br><br> MEMORANDUM DECISION |

## I. PROCEEDINGS

Robert Collins filed Applications for Title II Social Security Disability Insurance Benefits (DIB) and Title XVI Supplemental Security Income (SSI) benefits on July 25, 2005, which Applications were denied initially and upon reconsideration.

Plaintiff died on August 26, 2006, and his death ended any eligibility for SSI benefits.

His widow, Tondalayo Collins, filed a Substitution of Plaintiff on May 25, 2007, to proceed in the name of her deceased spouse regarding the DIB claim.

A hearing before an Administrative Law Judge ("ALJ") was held on August 9, 2007.

Following receipt of the ALJ Decision denying benefits, plaintiff sought review to the Appeals Council.

The Appeals Council declined review on December 28, 2007. This action followed.

The parties filed a Joint Stipulation, and have consented to the jurisdiction of the Magistrate Judge. Plaintiff makes four claims of error. For the reasons shown below, the Commissioner's decision denying benefits is affirmed.

## II. DISCUSSION

ISSUE NO. 1:

Plaintiff asserts that the ALJ misrepresented the record and improperly considered the treating physician's opinions. Although the record indicates multiple physical complaints, plaintiff's primary complaint was chronic, long-term back pain. (Joint Stipulation at 3). The ALJ indicated in his Decision that no objective evidence supported plaintiff's claim of disability due to back pain. Plaintiff alleges that there is additional medical evidence in the record that supports the claim, which the ALJ did not properly consider.

A DIB claimant is required to prove that he was disabled on or before his date last insured (DLI). Plaintiff was insured for DIB until September 30, 2000, and he alleges an onset date of August 1, 1999. It follows that plaintiff's primary claim of disability due to back pain needed to be established no later than September 30, 2000.

A plaintiff bears the burden of proving that an impairment is disabling. Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993), citing Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985). A plaintiff must show that his impairment precluded

him from engaging in any substantial gainful activity. Matthews, supra; 42 U.S.C. § 423(d)(1)(A). As examples of objective evidence improperly considered by the ALJ, plaintiff points to three medical reports in the record. These reports are clinic progress records from three separate visits to the treating physician at Kaiser Permanente on December 24, 1999, January 30, 2000 and February 22, 2000. (Administrative Record "AR") 242-246).

All three reports are short summaries of the treating physician regarding the visits, containing Mr. Collins' complaint at the time of his visit, his prior medical history, and medication prescribed. These records are each between one to two pages in length. The reports do not refer to any outside medical data involving x-rays or other imaging. The treating physician did not make a request for x-rays during or after these three visits. In fact, the record as a whole lacks any x-ray evidence concerning plaintiff's back, either prior or subsequent to his date last insured. None of these three reports contain any assertion of functional limitation caused by the alleged back pain, either by Mr. Collins or the treating physician.

It is not necessary for the ALJ to discuss all the evidence of record. Vincent v. Heckler, 739 F.2d 1393, 1394 (9th Cir. 1984). An absence of detailed discussion on any particular matter within an ALJ's Decision does not necessarily indicate improper consideration of the record. In light of the sparsity of evidence regarding plaintiff's back pain prior to the DLI, and plaintiff's failure to properly assert and establish any functional limitations due to back pain, the ALJ has not misrepresented the evidence nor improperly considered the evidence. The ALJ has not erred.

ISSUE NO. 2:

Plaintiff asserts that the ALJ improperly considered plaintiff's testimony regarding a need for a cane and back brace. As applicable evidence from the relevant time period, plaintiff points to a clinic progress record summarizing a visit to the treating physician on September 26, 1999. (AR 252). This report stated that Mr.

5:08-cv-00167-SH

03/13/09

Collins "requests new back brace and walking cane." Id. Plaintiff also refers to various references in the record regarding Mr. Collins' use of a back brace and a walking cane, all of which are reported after the DLI. Plaintiff contends that the dates of these references are irrelevant, since the initial report of the cane and back brace predates the DLI.

Among the various subsequent record references, plaintiff points in particular to a "Pain Questionnaire" dated October 18, 2005. This questionnaire is a three-page form preprinted with questions, in which Mr. Collins filled in answers. In his answer to one of the questions, Mr. Collins indicated that he used a cane and back brace as devices to assist in relieving pain or its effects. AR 103. Plaintiff asserts that this questionnaire, dated subsequent to the DLI, supports his prior claim that he needs these devices. Plaintiff further asserts that the ALJ was required to give more consideration to this questionnaire, and that to omit discussion of it in his Decision reflects the lack of proper consideration.

Assuming Mr. Collins did rely on a walking cane and a back brace before and after his DLI, and that the 2005 pain questionnaire was relevant to the consideration of his disability, the ALJ did not err by omitting discussion of it in his Decision. First, it appears that Mr. Collins requested and referred to these devices as a means to alleviate back pain. However, there is other evidence in the record which indicates that these devices were, in fact, not especially helpful to him in alleviating pain. In a summary report of an orthopedic evaluation dated December 22, 2005, under history of illness it states:

"This 58-year-old male stated that he began experiencing pain in his low back in 1986. He received physical therapy, a back brace, and Flexeril and Vicodin medications. He reported little benefit from the treatment…. He uses a cane for ambulation when his back pain becomes severe." (AR 132).

Second, the record does not indicate that any treating physician asserted any functional limitations prior to Mr. Collins' DLI due to the use of a cane and back

brace. Plaintiff did not assert that the use of a cane and a back brace contributed to any functional limitations. In light of plaintiff's failure to show how the use of a cane and a back brace were relevant to a functional limitation, it cannot be said that the ALJ materially erred.

The ALJ has the final responsibility for deciding issues dispositive to the determination of disability. SSR 96-5p. This responsibility includes the ALJ's duty to make credibility determinations. Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989) (citing Russell v. Bowen, 856 F.2d 81, 83 (9th Cir. 1988)).

Citing Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995) plaintiff argues that in making a credibility determination, the ALJ was required to state specific reasons for rejecting plaintiff's claim. However, the claimant in Lester was situated differently to plaintiff in this case for a number of reasons. Relative to plaintiff, the claimant in Lester had documentation and medical evidence supporting the history of impairment that was much more expansive in scope and volume, including two treating physicians who opined regarding the functional limitations caused by Lester's impairment. There was relevant testimony taken at the Lester hearing, and an abundance of relevant evidence that the ALJ should have discussed, none of which is present in this case.

Based on the record, due to the sparsity of relevant content, and plaintiff's failure to meet the burden of establishing functional limitation due to impairment, whatever value the ALJ's discussion of the cane and back brace could have contributed would have been minimal. The omission of such discussion, if it was an error, was harmless.

ISSUE NO. 3:

Plaintiff asserts that the ALJ did not consider the type, dosage and side effects of Mr. Collins' medications in accordance with SSR 96-7a. Plaintiff notes that the side effects of medication can have a significant impact on the ability to work, and

should figure in the disability determination process. <u>Varney v. Secretary of HHA</u>, 846 F.2d 581 (9th Cir. 1988). While this is true, it is plaintiff's burden to establish disability, including the contributing effects of medication on ability to work. <u>Miller v. Heckler</u>, 770 F.2d 845, 849 (9th Cir. 1985). In <u>Miller</u>, the claimant testified that she experienced significant side effects from her medications, which she reported to two of her doctors. The doctors told her that she needed the medications and that the side effects were unavoidable. <u>Id</u>.

Here, the record indicates that Mr. Collins discussed with his doctor, and understood, the potential of issues related to long-term narcotics use and dependency. Plaintiff then asserted that medication (Vicodin) was the only thing that worked for his pain. (AR 243). Plaintiff also requested a refill of medication (Vicodin) on numerous occasions. (AR 236, 238, 242, 244, 246). In the record, however, prior to the DLI, Mr. Collins never indicated any disabling side effects[1]. No physician suggested any. Even in light of the ALJ's duty to consider the potentially disabling side effects of medication, there were no side effects here to consider. Accordingly, the ALJ has properly considered the presented medical evidence and has not erred.

<u>ISSUE NO. 4</u>:

Plaintiff asserts that the ALJ did not pose a complete hypothetical question to the vocational expert. Plaintiff asserts that the ALJ should have included Mr. Collins' need to use a cane, as well as the side effects of medication as provisions in the hypothetical.

The ALJ may meet his burden at step five of the sequential process through the testimony of a vocational expert as to other work in the economy that

---

[1] In September 2001, plaintiff presented at Kaiser and expressed "desire to get off of Vicodin" and change to some other pain control. AR 228. However, no reason for the desired change is given. The physician stated "resubmit referral to pain clinic and to HTN prevention class." Id. There is no mention of any side effects.

Mr. Collins could perform. <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1100-1101 (9th Cir. 1999).

The ALJ's proper consideration of the presented evidence is discussed above. In this case, as defendant asserts, the record supported the ALJ's hypothetical posed to the vocational expert. Therefore, the ALJ did not err.

### III. ORDER

For the foregoing reasons, the decision of the Commissioner is affirmed and plaintiff's Complaint is dismissed.

DATED: <u>March 13, 2009</u>

/ s /
_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE